**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

GARY LEE COOPER,

      Petitioner-Appellant,

v.

WILLIAM T. SCHEAR, Sheriff;
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

GARY LEE COOPER,

      Petitioner-Appellant,

v.

ADAMS COUNTY COURT,
DIVISION 2; ROBERT GRANT,
Adams County District Attorney,

      Respondents-Appellees.

No. 98-1158
(D. Colo.)
(D.Ct. No. 96-Z-2811)

No. 98-1159
(D. Colo.)
(D.Ct. No. 96-Z-2855)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a consolidated case in which Appellant Gary Lee Cooper, a *pro se* litigant currently on probation,[1] appeals denial of two habeas corpus petitions filed under 28 U.S.C. §§ 2254 and 2241. We grant his motion to proceed *in forma pauperis,* deny his certificate of appealability, and dismiss his appeals.

## I. Background

After being charged with the crime of violating a temporary restraining order, Mr. Cooper agreed to plead guilty to a lesser charge of disorderly conduct. He then filed a motion to set aside his plea, alleging he entered the plea agreement on an erroneous understanding of immediate sentencing. The court denied the motion and sentenced him to a suspended six months in jail, twelve months probation, a fine, and court costs. His probation is conditioned on receiving mental health counseling and domestic violence treatment, and

---

[1] At the time Mr. Cooper filed his § 2254 petition, he was incarcerated on another criminal matter. Because of his release, but continuing probation, the district court presumed that the collateral consequences of Mr. Cooper's incarceration did not render his application moot.

restraining from contacting certain victims during the period of probation. During this stage of the proceedings, Mr. Cooper received representation by counsel.

After sentencing, Mr. Cooper filed a *pro se* a notice of appeal, which the county court denied. Mr. Cooper then filed a "Motion for Order" with the Colorado Court of Appeals which subsequently denied the motion. During the pendency of these motions, Mr. Cooper also filed with the Colorado Supreme Court a mandamus for an extraordinary writ for relief, which was subsequently denied. The county court dismissed his motion. Mr. Cooper then filed a motion to quash his conviction, which the county court denied. All of these pleadings stem from Mr. Cooper's conviction for disorderly conduct, initially filed in Adams County Court, Case No. 95M68.

A.  Section 2254 Petition

Mr. Cooper filed a § 2254 petition for habeas corpus, alleging the county court lacked jurisdiction to issue the temporary restraining order. He also claimed denial of equal protection under the Fourteenth Amendment, denial of a trial by jury after withdrawing his guilty plea, and "denial of an appeal." The magistrate judge issued a recommendation in which he determined Mr. Cooper failed to raise

these issues or any federal statutory or constitutional issues in the state court proceedings. Consequently, the magistrate judge concluded Mr. Cooper failed to exhaust his state remedies before filing his petition in federal court, and recommended the petition be dismissed.

The district court reviewed the magistrate judge's recommendation *de novo*, and considered Mr. Cooper's objections thereto, his other pleadings, and the applicable law. After determining Mr. Cooper failed to present his federal claims to the state courts, the district court adopted the magistrate judge's recommendation and dismissed Mr. Cooper's appeal.

On appeal, Mr. Cooper claims the district court failed to read his § 2254 petition or follow court rules; suggests he is not required to exhaust state remedies; and asserts the district court's decision justifies "the corruption of ... Judicial Supermacy [sic]." With respect to his conviction and the state court proceedings, Mr. Cooper reasserts improper denial of his right to a jury trial and equal protection and due process under the Fourteenth Amendment. Mr. Cooper also contends he was denied appointment of counsel, and he exhausted his remedies in another Colorado state action, "94JN364," in which he raised the same arguments he raises now on appeal concerning ineffective assistance of

-4-

counsel and the court's lack of jurisdiction to issue a restraining order. As relief, Mr. Cooper asks his son be returned to him and he be allowed to see his stepdaughter.

## B. Section 2241 Petition

After filing his § 2254 petition, Mr. Cooper filed a second Petition for Habeas Corpus under 28 U.S.C. § 2241, in which he claimed "Domestic Violence Part 8; C.R.S. 18-6-801-804 was repealed July, 1995 and never reenacted," and complains that officials improperly took part of one temporary restraining order and attached it to a permanent restraining order.[2] The magistrate judge, in recommending the petition be dismissed without prejudice, determined Mr. Cooper's petition did not show this issue "has been raised or exhausted in the state courts" or that a federal constitutional claim had been raised. He further concluded Mr. Cooper's claim involved a state statute which did not present a federal question.

---

[2] Mr. Cooper's § 2254 petition stems from his conviction for disorderly conduct after violating a temporary restraining order. Mr. Cooper's § 2241 petition centers on a different state court proceeding, Adams County Court Case No. 95M3040, involving not only violation of the restraining order, but domestic violence, harassment, and stalking charges.

On adopting the magistrate judge's Recommendation, the district court found Mr. Cooper's petition made two claims:  (1) he was charged under a repealed state statute; and (2) state officials forged a temporary restraining order. The district court dismissed the petition without prejudice concluding Mr. Cooper failed to meet his burden of showing he presented these claims to the state courts.

On appeal, Mr. Cooper advises this court he filed his petition as a layperson without knowledge of the intricacies of the law.  He claims he is "being illegally prosecuted" and the district attorney is "covering up" falsification of records and creation of documents, including child abuse charges.  In addition, he alleges denial of due process and equal protection because he cannot get a copy of any records, police reports, or files.  He also continues to claim the statute on which he was charged has been repealed.  Finally, he alleges denial of his right to confront his accusers.

## II.  Decision

The district court dismissed Mr. Cooper's § 2254 petition based on the relevant law.  We review a district court's legal conclusions in a § 2254 action *de novo.  See Hatch v. State*, 58 F.3d 1447, 1453 (10th Cir. 1995). *cert. denied*, 517 U.S. 1235 (1996).  Likewise, we review the district court's dismissal of his

§ 2241 motion *de novo.  Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Even construing Mr. Cooper's *pro se* pleadings liberally,[3] we must agree with the district court's reasoning in dismissing both his § 2254 and § 2241 petitions.  A state prisoner bringing a federal habeas corpus action bears the burden of showing he exhausted available state remedies.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  *See also Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir.) (concerning a § 2254 petition), *cert. denied*, 506 U.S. 924 (1992); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (concerning a § 2241 petition).  To satisfy the exhaustion of state remedies doctrine, Mr. Cooper is required to raise all federal constitutional claims in state courts, and if those courts rule against him, he must present the same claim to the district court.  *Miranda,* 967 F.2d at 398.  With the exception of his claims relying on Colorado statutes, Mr. Cooper did not raise the same issues in his § 2254 and § 2241 petitions and his appeal as he did in the state proceedings.[4]  Moreover, the issues Mr. Cooper raised in the state proceeding are not federal constitutional issues.  This court has

---

[3]  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

[4]  While Mr. Cooper claims in his § 2254 petition that he exhausted his claims of ineffective assistance of counsel and lack of jurisdiction at the state level in another case, Colorado State action "94JN364," we are not reviewing the disposition of that case, as it is not on appeal to us in this proceeding.

long held a state prisoner's federal habeas corpus petition should be dismissed if the prisoner has not exhausted available state remedies as to his federal claims.[5] *Coleman*, 501 U.S. at 732. Consequently, he has not exhausted his state remedies with respect to the issues raised on appeal concerning either his § 2254 or § 2241 petitions.

Having reviewed the record, pleadings, and Mr. Cooper's arguments, we conclude Mr. Cooper fails to make "a substantial showing of the denial of a constitutional right" required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). *See Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4 (1983); *Lennox v. Evans*, 87 F.3d 431, 434 (10th Cir. 1996), *cert. denied*, 117 S. Ct. 746 (1997).[6]

Accordingly, we grant Mr. Cooper's request to proceed on appeal without prepayment of costs, deny his request for a certificate of appealability, and

---

[5] The only issue Mr. Cooper raised in his § 2254 petition that he also raised at the state level involves his claim, based on a Colorado statute, that the county court lacked jurisdiction to issue a restraining order. Because his claim is based on a state statute, it does not present a federal question cognizable in a federal habeas suit. *See King v. Champion*, 55 F.3d 522, 527 (10th Cir. 1995).

[6] Mr. Cooper applied for a certificate of appealability in his § 2254 proceeding. He did not apply for a certificate of appealability in, nor is one necessary for, a § 2241 action. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 810 n. 1 (10th Cir. 1997).

**DISMISS** his appeals.

Entered by the Court:

**WADE BRORBY**
United States Circuit Judge